[Civ. No. 7743. First Appellate District, Division Two.—February 2, 1931.]

WESTERN LANDS COMPANY (a Corporation), Respondent, v. ARTHUR T. HESSE et al., Appellants.

Hare & Walden for Appellants.

Oliver O. Clarke and Loris V. Cady for Respondent.

STURTEVANT, J.—As the assignee of Oliver O. Clark the plaintiff commenced an action against the defendants to recover a sum alleged to be due and unpaid for services as an attorney at law. The defendants answered and a trial was had before the trial court sitting without a jury. The court made findings in favor of the plaintiff and from a judgment entered thereon the defendants have appealed and have brought up typewritten transcripts. ▮ The appellants make one point. They claim that there was no evidence that $2,818.77, the amount contained in the judgment, was due or that any larger sum than $318.77 was due. About the time that Mr. Clark was employed by the defendants the latter were involved in a large amount of litigation. There were nine or more actions pending. McBryde & Wix had been acting as attorneys for the defendants. Thereafter the defendants asked Mr. Clark to associate himself with McBryde & Wix in conducting the litigation. One of the cases, entitled *Hesse* v. *Mayell,* was about to be tried. Mr. Clark proceeded to confer with McBryde & Wix and thereafter to present the defendants' case. On February 28, 1925, Mr. Clark presented to the defendants a bill for fees in the sum of $5,000. At the same time he delivered to the defendants a letter stating that he had arranged to take care of the fees of McBryde & Wix. On April 3, 1925, he rendered another bill in which the charge was stated at $7,500. The defendants earnestly contend that the latter bill was padded at defendants' request and that it was never the intention of the attorneys nor of the client that it should be enforced as it was padded. Replying to this contention the plaintiff does not contend to the contrary, but proceeds to show that the bill first mentioned was authentic in all respects and that after that bill was rendered the plaintiff's assignor rendered many other services of great value in other actions which were pending and that his entire claim included the charge made in the case of *Hesse* v. *Mayell* and his charge for additional services rendered in the other actions. These respective contentions were placed before the trial court. Mr. Clark was called as a witness and was examined and cross-examined at length. Conceding that there was some evidence to support the contention of the defendants, it must likewise be conceded that there was considerable evidence to support the contention of the plaintiff. The

defendants state that they "are not unmindful of the rule of this court in regard to disturbing a judgment based on conflicting evidence, but we maintain that this is not such a case of a conflict of evidence". We think it needs no further comment than to state that the contention of the defendants just recited is not well founded.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.